**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 14, 2007**

**Charles R. Fulbruge III**
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 06-10482

UNITED STATES OF AMERICA

Plaintiff - Appellee

VERSUS

JERRY M. GIVENS

Defendant - Appellant

Appeal from the United States District Court
For the Northern District of Texas, Lubbock Division
5:05-CV-00242

Before DAVIS, DENNIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant, Jerry M. Givens ("Givens") pleaded guilty to
making a false statement to a government agency and aiding and
abetting following the execution of a plea agreement with the
United States. As part of his sentence and pursuant to the plea
agreement, Givens was ordered to pay, <u>inter</u> <u>alia</u>, prosecution

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

costs in the amount of $200,000. The plea agreement states in relevant part that:

> Givens further agrees that he will pay costs of prosecution in the amount of Two Hundred Thousand ($200,000.00) Dollars. Givens agrees to assign to the United States Department of Justice as costs of prosecution in this matter, the first $200,000 of the amount payable to him by the Escrow Agent . . . . Givens further agrees to execute any and all documents necessary to assign the funds to be paid to the United States Department of Justice to insure payment by the Escrow Agent of this cost of prosecution assignment.

Consistent with the plea agreement, Givens and the United States executed the Assignment and Notice to Escrow Agent (the "Assignment Agreement"), in which Givens and other sellers assigned to the United States all of their "right, title and interest in and to the first $200,000 of the Escrowed Funds . . . in satisfaction of Givens' obligation under the Plea Agreement to pay certain agreed costs of prosecution." At the time the Assignment Agreement was executed, $255,988 was in the Escrow Account. However, the funds were not immediately available to the United States, and on the date the funds were to be released to the United States, charge-offs against the Escrow Account had reduced the account to a negative balance of -$50,397.00.

To enforce its recovery of the costs of prosecution,[1] the government sought a writ of garnishment seeking to garnish Givens's property. Givens argued that the garnishment should be

---

[1]The government was also seeking the balance due on the $4,000 fine assessed pursuant to the plea agreement.

2

terminated because the Assignment Agreement operated as an accord and satisfaction of the $200,000 costs of prosecution. The district court overruled Givens's objection, determining that the doctrine of accord and satisfaction was inapplicable in the context of criminal judgments, and, even if applicable, Givens failed to satisfy the requisite elements of an accord and satisfaction.

We need not decide whether the district court erred in concluding as a matter of law that the doctrine of accord and satisfaction is inapplicable in the context of criminal judgments because there is a clearer ground for affirmance. We conclude that the unambiguous language of the Assignment Agreement fails to satisfy the elements of an accord and satisfaction under Texas law[2] because Givens unambiguously agreed to "pay costs of prosecution in the amount of $200,000." Thus, there was no dispute about an existing obligation between Givens and the government at the time the Assignment Agreement was executed.[3]

---

[2]For an agreement to operate as an accord and satisfaction under Texas law, there must be (1) a dispute about an existing obligation; (2) a new contract, express or implied, in which the parties agree to the discharge of the existing obligation by means of the lesser payment tendered and accepted; (3) an assent of the parties to an agreement that the amount paid by the debtor to the creditor was in full satisfaction of the entire claim; and (4) an unmistakable communication to the creditor that tender of the lesser sum is upon the condition that acceptance will constitute satisfaction of the underlying obligation. Lopez v. Munoz, Hockema & Reed, L.L.P., 22 S.W. 3d 857, 863 (Tex. 2000).

[3]Because we find that the Assignment Agreement does not satisfy the first element of an accord and satisfaction, we do not consider whether the other elements are satisfied.

3

For the foregoing reasons, we affirm.

AFFIRMED.